**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00755-RM-BNB

STEPHANIE JACQUES,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,
UNITED AIRLINES CONSOLIDATED WELFARE BENEFIT PLAN,
UNITED AIRLINES, INC., and
MICHELE SATRIANO,

    Defendants.

___

**ORDER DENYING MOTION (ECF NO. 2)**
___

THIS MATTER is before the Court on Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order ("Motion") (ECF No. 2) requesting the Court to enjoin Defendant Metropolitan Life Insurance Company ("MetLife") from paying life insurance benefits to Defendant Michele Satriano ("Satriano") or, if payment has already been made to Satriano, to impose a constructive trust on such benefits.  Upon consideration of the Motion (with affidavit), Court file, and applicable rules and law, the Motion is denied for the reasons stated herein.

**I.  BACKGROUND**

Plaintiff's father, Stephen Jacques ("Decedent"), died insured under a Group Universal Life Insurance Policy ("Policy") in which Satriano, Decedent's ex-spouse, is the designated beneficiary pursuant to a beneficiary designation form.  MetLife, the insurer, has indicated it intends to pay the insurance proceeds to Satriano but Plaintiff contends that she is the rightful recipient of such proceeds.

## II. ANALYSIS

The Court may issue a temporary restraining order ("TRO") only if, among other things, the movant clearly shows that immediate and irreparable injury will result to the movant before the adverse party can be heard in opposition.  Fed.R.Civ.P. 65(b); *see also* D.C.COLO.LCivR 65.1.  Concomitantly, in order to obtain the extraordinary remedy of a preliminary injunction, the movant must establish, among other things, that she will suffer irreparable injury unless the injunction issues.[1]  *E.g., Beltronics USA, Inc. v. Midwest Inventory Dist., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

In this case, the only potential harm alleged is economic – the payment of insurance benefits to Satriano.  It is well settled, however, that simple economic loss usually does not, in and of itself, constitute irreparable harm because such losses are compensable by monetary damages.  *Schrier v. University of Colo., supra* at 1267.  Accordingly, Plaintiff has failed to establish irreparable injury.[2]  Upon the foregoing, it is therefore

ORDERED that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order ("Motion") (ECF No. 2) is hereby DENIED.

DATED this 17th day of March, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] The Tenth Circuit has identified three types of disfavored preliminary injunctions which require the Court to more closely scrutinize.  *Schrier v. University of Colo.,* 427 F.3d 1253, 1259 (10th Cir. 2005).  The Court need not decide whether the "heightened" standard applies as it finds Plaintiff has not met her burden under the traditional standard.

[2] The Court's conclusion is the same regardless of whether MetLife intends to pay or has already paid the benefits to Satriano.