IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00755-RM-BNB

STEPHANIE JACQUES,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,
UNITED AIRLINES CONSOLIDATED WELFARE BENEFIT PLAN,
UNITED AIRLINES, INC., and
MICHELE SATRIANO,

Defendants,

v.

TAYA SWEEDEN, as Trustee of the Bankruptcy Estate of Michele Lynn Bauer,

Third Party Defendant.

---

## ORDER

---

Pending is plaintiff's **Motion for Permissive Joinder of Plaintiff and for Leave to File an Amended Complaint** [Doc. # 32, filed 7/30/2014] (the "Motion").  The plaintiff seeks to add Paula Jacques-Bonneau as a plaintiff pursuant to Fed. R. Civ. P. 20 and to file an amended complaint.

At issue in this case is the identity of the proper beneficiary to receive the life insurance benefits which became payable upon the death of Stephen Jacques.  The claimants are Stephanie Jacques, the decedent's daughter, and Michele Satriano, the decedent's former wife.  The Motion seeks to join  Paula Jacques-Bonneau, the decedent's sister, as another plaintiff.

Satriano opposes the Motion arguing that a conflict of interest exists between the Jacques and Bonneau which precludes joinder.  In support, Satriano cites <u>Markakis v. SS Volendam</u>, 475 F. Supp. 29 (S.D.N.Y.).

First, it is not apparent that a conflict exists.  A letter dated May 10, 2013, from Bonneau to MetLife indicates that Bonneau believes that the decedent "changed all benefits to his only child," Jacques.  Second, the <u>Markakis</u> case is easily distinguished--it was a case in admiralty; involved a class action; there was an inadequate showing that the claims of the plaintiff, a vessel master, and the claims of seamen seeking to be joined as plaintiffs asserted claims arising out of the same transaction or occurrence or that there were common questions of law and fact because the master and the seamen served on the vessel at different times; and a conflict existed between the master and seamen because of the nature of their service on the vessel.

Rule 20(a), Fed. R. Civ. P., allows permissive joinder where persons "assert any right to relief jointly, severally, or in the alternative . . . arising out of the same transaction, occurrence, or series of transactions" and common questions of law or fact will arise.  Those requirements are met here.  Jacques and Bonneau assert that they (or one of them) has a superior claim to the decedent's life insurance over Satriano, which is a claim jointly, severally, or in the alternative; the claim arises out of the same transaction or series of transactions involving entitlement to the decedent's life insurance benefits; and common questions of law and fact concerning the superior claim will arise.  In addition, amendment of the complaint is appropriate under Fed. R. Civ. P. 15.

IT IS ORDERED:

(1)     The Motion [Doc. # 32] is GRANTED; and

(2)      The Clerk of the Court is directed to accept for filing the First Amended

Complaint [Doc. # 32-1].

Dated August 11, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge